IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| Dr. THERESA BRADLEY, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:12-CV-202 (CDL) |
| RITA JONES, *et. al*, | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is Plaintiff's motion to proceed *in forma pauperis* in this action. (ECF No. 3.) A review of this Plaintiff's previous filings reveals that this is the twelfth lawsuit she has filed in the Middle District of Georgia. Plaintiff's Motions to proceed IFP have been repeatedly denied in this Court, and her actions have for the most part been summarily dismissed for failure to state a claim. *See, e.g., Bradley v. Sovereign Bank*, Case No. 4:09-cv-98 (CDL), Order (Sept. 22, 2010); *Bradley v. Sean*, Case No. 4:08-cv-125 (CDL), Order (Sept. 11, 2008); *Bradley v. Handel*, Case No. 5:07-cv-463 (HL), Order (Jan. 9, 2008). Having fully considered Plaintiff's affidavit and motion, it appears Plaintiff's motion to proceed IFP should be denied. If Plaintiff wishes to proceed in this action, she must pay the full $350.00 filing fee within fourteen (14) days. Furthermore, it is recommended that Plaintiff be decreed a prolific filer and that she be required to pay the full filing fee in any future action filed in this district.

## DISCUSSION

Section 1915 of United States Code Title 28 provides that a court may authorize a person who is unable to pay court fees to proceed in her action so long as that person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (explaining that 28 U.S.C. § 1915(a)(1) "applies to all persons requesting leave to proceed IFP"). However, "[t]here is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam);[1] *see also, e.g., Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972) ("This privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them.").

A district court has wide discretion in determining whether to grant an applicant's motion to proceed IFP. "This is especially true . . . in civil cases for damages, wherein the courts should grant the privilege sparingly." *Martinez*, 364 F.3d at 1306 (internal quotation marks and citation omitted). In exercising this discretion, a district court must determine "whether the statements in the affidavit satisfy the requirement of poverty." *Id.* at 1307 (internal quotation marks and citation omitted). While an applicant for IFP

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

status need not show that she is "absolutely destitute," she must sufficiently establish that she "is unable to pay for the court fees and costs, and [is unable] to support and provide necessities for [her]self and [her] dependents." *Id.* (citations omitted).

From the face of Plaintiff's application and affidavit in support, it would appear that Plaintiff may be unable to pay the court fees and costs in this action. However, as stated above, this is not the Court's first encounter with this Plaintiff. Plaintiff Bradley has filed several motions to proceed IFP in this court, many of which contain conflicting information. *See Bradley v. Reese*, Case No. 4:10-cv-46 (CDL), Order 3-4 (Nov. 29, 2010) (discussing inconsistencies in prior IFP filings by Plaintiff); *see also Martinez*, 364 F.3d at 1308 n.3 (noting that a court may "look beyond the . . . application . . . to determine [an IFP applicant's] financial condition") (internal quotation marks and citation omitted). Thus, the Court doubts the veracity of the statements in Plaintiff's motion to proceed IFP.[2]

Furthermore, Plaintiff states that she receives $1,100 per month in widow's benefits. That benefit alone would provide her with a yearly income of $13,200. This exceeds the 2013 Poverty Guideline of $11,490 for a one person household. *See* 2013 HHS Poverty Guidelines, 78 Fed. Reg. 5182, 5183 (Jan. 24, 2013); *see also Martinez*, 364 F.3d at 1307 n.7 (referring to poverty levels). Because the Court doubts Plaintiff's

---

[2] Additionally, although Plaintiff states that she is unemployed in her affidavit in support of her motion to proceed IFP, Plaintiff is still listed on Brava Corporation's website as the contact person for Brava Consulting Group. *See* http://bravacorp.com/contact.html (last viewed March 21, 2013). Her continued relationship with Brava Corporation is further confirmed by the fact that her email address provided to the court is a Brava Corp email. Plaintiff also states in her Complaint that she has a small business and a consulting practice. (Compl. 12, ECF No. 1.)

allegation of poverty, Plaintiff's motion to proceed IFP is denied. Plaintiff shall pay the full $350 filing fee within fourteen (14) days if she wishes to proceed with this action.

The Court also notes that Plaintiff has a history of filing frivolous or meritless litigation in this Court and nationwide. *See, e.g., Bradley v. PayPal, Inc.,* Case No. C-08-03924, Order 2 (Apr. 17, 2009) (dismissing action for lack of subject matter jurisdiction); *Bradley v. Lackaff*, Case No. 08 C 4703, Order (N.D. Ill. July 10, 2009) (dismissing action for lack of subject matter jurisdiction); *Bradley v. CVS Corp.*, Case No. PJM 07-2732, Op. 11-12 & n.8 (D. Md. Aug. 28, 2008) (dismissing action and warning Plaintiff against filing multiple lawsuits concerning the same set of operative facts and against "making unfounded allegations of misconduct and corruption against counsel and members of the judiciary"); *Bradley v. Brown's Arlington Nissan*, Case No. 1:08cv289, Order 3-4 (E.D. Va. Apr. 23, 2008) (dismissing action for lack of subject matter jurisdiction); *Bradley v. Miller*, Case No. 06-61529-CIV-MORENO, Order (S.D. Fla. Oct. 2, 2007) (dismissing complaint for failure to state a claim, for being a shotgun pleading, and for asserting claims pursuant to criminal statutes); *Bradley v. Hinton*, Case No. 1:06-cv-0900-TWT, Order 1-2 (N.D. Ga. Apr. 21, 2006) (dismissing action as frivolous); *Bradley v. Florida*, Case No. 4:05cv220-RH, Order (N.D. Fla. Sept. 1, 2005) (dismissing action for lack of subject matter jurisdiction); *Bradley v. Perdue*, Case No. 1:04-cv-1627-TWT, Order 1-2 (N.D. Ga. Dec. 14, 2004) (dismissing action as frivolous); *Brava Consultants v. O'Higgins*, Case No. 04-80052, Order (S.D. Fla. Apr. 9, 2004 (dismissing action for failure to state a claim); *Bradley v. Cathey*, Case No. 3:01CV484, Order (W.D.N.C. Apr. 22, 2002) (dismissing action for lack of subject matter

jurisdiction).³  The Northern District of Georgia has found Plaintiff to be a vexatious litigant and has ordered that Plaintiff file the full filing fee in every subsequent case filed in that district.  *Bradley v. Univ. Sys. of Ga.*, Case No. 1:10-cv-720-TWT, Order 1-2 (Apr. 8, 2010).  Furthermore, as a sanction for Plaintiff's behavior, the Northern District requires Plaintiff to post a cash bond of $5000 with the Clerk of Court for each future action filed.  *Id.*  This Court agrees with the Northern District's rationale and recommends that Plaintiff be decreed a prolific filer and that she be required to pay the full filing fee for any future action filed in this district.  At this time, it is not recommended that Plaintiff pay a surety bond in each future action.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion to Proceed IFP (ECF No. 3) is denied.  It is recommended that Plaintiff be considered a prolific filer and that she be required to pay the full filing fee on any subsequent cases filed in the Middle District of Georgia.  Under 28 U.S.C. § 636(b)(1), the Plaintiff may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 21st day of March, 2013.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE

---

[3] This is by no means an exhaustive list of Plaintiff's actions filed.  A review of PACER complaints filed by Plaintiff, *pro se*, shows that Plaintiff has filed approximately 75 civil actions in federal courts nationwide.  The Court was unable to find a single one of these cases that went to trial or in which Plaintiff was otherwise successful.